REGAN, Judge.
The plaintiff, William Thomas, filed this suit against the defendants, Jacob Giardina, Sr., and the Liberty Mutual Insurance Company, Giardina’s insurer, endeavoring to recover the sum of $14,000.00 as compensation for total and permanent disability, which he asserts was incurred as the result of being struck on. the head during the course of his employment.
The defendants answered and admitted the employment relationship between the plaintiff and the principal defendant, but denied that the plaintiff was involved in an accident in the course of his employment.
From a judgment in favor of the defendants dismissing the plaintiff’s suit, he has prosecuted this appeal.
The record discloses that the plaintiff was, at the time of the accident, sixty-four years of age and he was employed as a night watchman in the defendant’s automobile sales establishment. He related that on a Sunday in May of 1967, the son of the defendant’s service manager attempted to remove a vehicle from the defendant’s premises and struck the plaintiff with a piece of pipe or stick when he refused to permit him to remove the vehicle without signing for it. The exact date and time that this incident is asserted to have occurred was never revealed.
In any event, a telephone call was made to the defendant’s son, Jacob Giardina, Jr., informing him that the plaintiff had been struck on the head. Giardina proceeded to his father’s place of business and was met by two deputies from the Jefferson Parish Sheriff’s Office. Giardina testified that he saw the plaintiff rubbing his head, but that there was no external evidence, such as blood, cuts, or bruises, to disclose that he had been injured.
The sheriff’s deputies made no official' report of the incident since there was no record thereof in the sheriff’s office.
*861 In the course of the trial hereof, the plaintiff’s alleged assailant emphatically denied that he had ever struck him. Moreover, the other witnesses, both those subpoenaed by the plaintiff and those whose appearance was requested by the defendant, testified that there was no physical evidence to reveal that the plaintiff had been injured. It is most interesting to note that at least two of these witneses actually made physical examination of the plaintiff’s head and found no objective signs of trauma. The medical evidence adduced by the plaintiff is, to say the least, inconclusive. The' physician who treated him approximately three weeks after the alleged attack could not state with any reasonable certainty that the plaintiff’s brain damage was caused by a blow on the head.
The foregoing elucidation reveals that only questions of fact were posed for the trial court’s consideration. The judge thereof obviously accepted the defendant’s version of the evidence adduced herein, and, therefore, concluded that the plaintiff was not in fact injured in the course of his employment by the defendant. The significant question which this appeal has posed for our consideration is whether that finding of the trial judge is so erroneous and unsupported by the evidence as to warrant a reversal by us.
We are of the opinion that no useful purpose would be served by indulging in a protracted discussion of the foregoing testimony or by endeavoring to reconcile the respective litigants’ version of the manner in which the alleged accident occurred. The trial judge accepted the defendants’ version thereof and our analysis of the record convinces us that the evidence preponderates in their favor and the judgment is, therefore, correct.
For the foregoing reasons, the judgment appealed from is affirmed.
The plaintiff is to pay all costs incurred herein.
Affirmed.